IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JEFFREY E. OLSON,

                       Plaintiff,

v.

JANEL NICKEL, Captain FNU MORGAN,
Dr. JAIME VOSS, Officer FNU GRAY,
Officer FNU CAUDILLO, Officer FNU MORGAN,
Officer FNU HAAG, Officer FNU MORRISON,
Officer FNU GRACEK, Officer FNU WILSON,
Officer FNU KRANTZ, JOHN DOES and
Inmate JOSE SOTO,

                       Defendants.

ORDER

10-cv-827-slc

On January 10, 2011, I entered an order in this case directing plaintiff to submit by February 1, 2011, an initial partial payment of the filing fee in the amount of $20.62. In a recent letter to the court, plaintiff explains that he has no money and that he will not receive any inmate pay for at least five months. I construe plaintiff's letter as a motion asking the court to waive the amount of his initial partial payment in this case and must deny this motion.

Under §1915(b)(4), an inmate may not be prohibited from bringing a lawsuit if "the prisoner has no assets and no means by which to pay the initial partial filing fee." Plaintiff may think that he falls into the category of inmate who have "no means" to make an initial partial payment, but controlling authority holds otherwise. Plaintiff's immediate shortage of income is not sufficient by itself to allow me to conclude that he lacks the means to pay the initial partial payment pursuant to 28 U.S.C. § 1915(b)(4). In *Newlin v. Helman*, 123 F.3d at 435, the court of appeals stated,

> [I]t is not enough that the prisoner lack assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when the prisoner has no assets and no means by which to pay the initial

>partial filing fee. A prisoner with periodic income has "means"
>even when he lacks "assets."

Further, in measuring periodic income, § 1915 requires courts to look backward in time rather than forward. In other words, in determining whether a prisoner has the means to pay, the court cannot consider representations the prisoner makes about his future income or lack of it. Rather, the court must look at the prisoner's income from the previous six months. 28 U.S.C. § 1915(a)(2).

In this case, I was able to calculate plaintiff's initial partial payment based on information he provided from his prisoner trust fund account statement. This statement shows that for the period immediately preceding the filing of the complaint, plaintiff received several deposits to his account. Plaintiff's statement also shows that any income he received went to pay court filing fees, to purchase commissary items, and to pay for postage, copy fees and other expenses.

It may well be that plaintiff will be able to pay the initial partial payment he has been assessed from the next deposit to his account. Therefore, I am willing to allow him an extension of 30 days in which to pay the initial partial filing fee. If, however, by February 27, 2011, plaintiff is unable to pay the initial partial payment, I will consider that he has withdrawn this action and he will not owe the filing fee. In that event, if, at some future time, enough time elapses that a six-month trust fund account statement would show that plaintiff owes a smaller payment based on a smaller income, he would be free to a file new lawsuit. Plaintiff should show a copy of this order to jail officials to insure that they are aware they should send plaintiff's initial partial payment to this court.

ORDER

IT IS ORDERED that

1. Plaintiff's motion to waive the initial partial filing fee is DENIED.

2. Plaintiff may have an enlargement of time to February 27, 2011, in which to submit a check or money order payable to the clerk of court in the amount of $20.61.  If, by February 27, 2011, plaintiff fails to make the initial partial payment, the clerk is directed to close this file without prejudice to plaintiff's filing his case at a later date.

Entered this 26th day of January, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge